UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PPC BROADBAND, INC., d/b/a PPC,**<br><br>*Plaintiff*,<br><br>-vs-<br><br>**PCT INTERNATIONAL, INC.,**<br><br>*Defendant*. | Civil Action No.   5:13-CV-0135<br>(NAM/TWD)<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff PPC Broadband, Inc., d/b/a PPC ("PPC"), by its attorneys, Hiscock & Barclay, LLP, as and for its Complaint against the defendant, PCT International, Inc. ("PCT"), alleges as follows:

### Nature of Action

1. This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., seeks relief arising out of PCT's infringement of U.S. Patent No. 8,366,481 (the "'481 Patent"), of which PPC is the owner by assignment, and which covers coaxial cable connectors sold by PPC. A true and correct copy of the '481 Patent is attached hereto as Exhibit A.

### Parties

2. PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

3. Upon information and belief, PCT is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 2151 E. Broadway Road, Suite 211, Tempe, Arizona.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 35 U.S.C. § 281.

5. This Court has personal jurisdiction over PCT, which, upon information and belief, regularly engages in business transactions and solicitations in the State of New York and within this District, contracts to supply goods and services within this District, and/or commits acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of the patent-in-suit.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or PCT is subject to personal jurisdiction in this District.

## Factual Allegations

### The Industry

7. PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

8. PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

9. Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.

10. PPC's cable connectors are used indoors and outdoors to connect cables from external sources (*e.g.*, a utility pole) to end-user electronic devices.

11. Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

### The '481 Patent

12. On March 30, 2011, PPC filed a patent application on the invention of Trevor Ehret, Richard Haube, Noah Montena, and Souheil Zraik U.S. Patent Application Serial No. 13/075,406 (the "'406 Application"), entitled "Continuity Maintaining Biasing Member".

13. On February 5, 2013, the '406 Application resulted in the issuance of the '481 Patent. The '481 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '481 Patent.

14. PPC has not licensed PCT to practice the '481 Patent and PCT has no right or authority to license others to practice the '481 Patent.

15. PCT has actual notice of its infringement of the '481 Patent at least as a result of the commencement of this action.

### Count I
### (*Infringement of the '481 Patent*)

16. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 15 above as if they were stated in full herein.

17. PCT has infringed at least one claim of the '481 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, PCT's "Continuous Ground" series connectors that bear model numbers such as PCT-TRS-6L.

18. PCT's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of good will.

19. Upon information and belief, PCT's unlawful infringing activity will continue unless and until PCT is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

20. PCT's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

## Jury Demand

PPC demands a trial by jury on all issues so triable.

## Request For Relief

**WHEREFORE**, PPC urges the Court to grant the following relief:

A. Entry of judgment that PCT has infringed the '481 Patent;

B. Entry of judgment that preliminarily and/or permanently enjoins PCT and its representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with PCT from infringing, contributing to the infringement of, and inducing the infringement of the '481 Patent;

C. Entry of judgment for compensatory damages for patent infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined at trial, but in no event less than a reasonable royalty, together with interest and costs;

D. A determination that PCT's acts of infringement of the '481 Patent have been willful and an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

E. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and that PPC be awarded its reasonable attorneys' fees and costs;

F. An award of interest on any judgment rendered in this action;

G. An award of its attorneys' fees and costs in this action; and

H.   Such other and further relief as is just and proper.

Date:  February 5, 2013	**HISCOCK & BARCLAY, LLP**


By:    s/Douglas J. Nash
         Douglas J. Nash (511889)
         John D. Cook (511491)
         Jason C. Halpin (516562)

Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202
Telephone:   (315) 425-2700
Facsimile:    (315) 425-2701

*Attorneys for Plaintiff*
PPC Broadband, Inc., d/b/a PPC

- 6 -

## **CERTIFICATE OF SERVICE**

    I certify that on February 5, 2013, a copy of PPC's Complaint and accompanying exhibit were filed with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

                                                       s/Jason C. Halpin
                                                        Jason C. Halpin